UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. KENNEY,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | NO. CV 07-04537 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Jeffrey Kenney ("Plaintiff") seeks to overturn the decision of the Commissioner of Social Security Administration (hereinafter the "Commissioner" or "Agency") denying him Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. On August 9, 2007, the parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip.") filed April 17, 2008. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

///

**PROCEDURAL HISTORY**

On November 21, 2005, Plaintiff filed applications for DIB and SSI benefits. (Administrative Record ("AR") 20). Plaintiff alleged that his disability began on January 1, 2005. (Id.). Plaintiff indicated that he was unable to work due to congenitally dislocating hips. (AR 23).

The Agency denied Plaintiff's applications for DIB and SSI benefits initially and upon reconsideration. (AR 20). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (Id.). A hearing was held before ALJ Jan Donsbach. (AR 139). Plaintiff was not represented by counsel. (Id.). On September 22, 2006, the ALJ issued a decision denying benefits. (AR 26). The ALJ found that Plaintiff had the residual functional capacity to perform work that would require him to lift and carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for two hours of an eight hour workday, sit for six hours of an eight hour workday, and occasionally climb and stoop. (AR 22-23).

Plaintiff then sought review of the ALJ's decision before the Appeals Council. (Jt. Stip. at 2). On April 5, 2007, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (Id.). Plaintiff commenced the instant action on April 17, 2008. (Jt. Stip. at 1).

///
///
///

## FACTUAL BACKGROUND

Plaintiff was born on March 4, 1960 and was forty-six years old at the time of the hearing. (AR 25). Plaintiff has a high school education and is able to communicate in English. (Id.)

### A. Waiver Of Representation

At the hearing, Plaintiff executed a waiver of representation. (AR 139). The ALJ asked the Plaintiff if he had signed the waivers of representation and then inquired no further into the subject. (Id.).

### B. Treating Physician's Opinion

Plaintiff visited his treating physician, Dr. Kao, on August 9, 2005, January 23, 2006, and February 16, 2006. (AR 23). Dr. Kao completed a Musculoskeletal Questionnaire regarding Plaintiff. (Id.). Dr. Kao stated that Plaintiff had warmth, redness, and tenderness of the lower extremities and that Plaintiff had paravertebral muscle spasms with mild tenderness. (AR 24). He also found that Plaintiff's sensation, reflexes, and motor functions were intact and that Plaintiff had no atrophy. (Id.). Dr. Kao concluded that Plaintiff was "permanently disabled." (Id.).

### C. Consultative Physician's Testimony

On December 12, 2005, Dr. Boeck, a board-certified orthopedic

surgeon, performed a consultative examination of Plaintiff at the request of the State Agency. (AR 23). Dr. Boeck stated that the only objective findings were the limited lumbar spine and hip ranges of motion. (Id.). He evaluated Plaintiff as being able to lift and carry fifty pounds occasionally and twenty-five pounds frequently, stand and/or walk for a maximum of two hours of an eight hour workday, sit for six hours of an eight hour workday and climb and stoop no more than occasionally. (Id.).

## THE FIVE-STEP SEQUENTIAL PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not

1    disabled. If not, proceed to step two.
2  ///
3    (2)  Is the claimant's impairment severe?  If not, the claimant
4         is found not disabled.  If so, proceed to step three.
5    (3)  Does the claimant's impairment meet or equal one of
6         list of specific impairments described in 20 C.F.R.
7         Part 404, Subpart P, Appendix 1?  If so, the claimant
8         is found disabled.  If not, proceed to step four.
9    (4)       Is the claimant capable of performing her past
10             work?  If so, the claimant is found not disabled.
11             If not, proceed to step five.
12   (5)       Is the claimant able to do any other work?  If
13             not, the
14   claimant is found disabled.  If so, the claimant is
15   found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)- 404.1520(f)(1) & 416.920(b)-416.920(f)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If the claimant meets her burden of establishing an inability to perform past work, at step four, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the

national economy, taking into account the claimant's residual functional capacity,[1] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process discussed above. (AR 21). The Commissioner denied Plaintiff's applications because the ALJ determined that Plaintiff had the residual functional capacity to perform a significant number of jobs that exist in the national economy. (AR 22-23).

The ALJ gave no weight to Dr. Kao's opinion in making the ultimate decision, in part, because the opinion was not supported by treatment records. (AR 24). However, the ALJ did not attempt to obtain the supporting treatment notes from Dr. Kao. (Jt. Stip. at

---

[1] Residual functional capacity is "what [one] can still do despite [her] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

5). The ALJ found that Plaintiff could perform unskilled light work. (AR 25).

///

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

1  ///
2  ///
3  ///
4  ///

**DISCUSSION**

Plaintiff argues that the ALJ failed to obtain a proper waiver of his right to counsel. (Jt. Stip. 4). Additionally, Plaintiff argues that the ALJ failed in his duty to develop the record. For the reasons stated below, the Court agrees with Plaintiff.

**A. The ALJ Failed To Obtain A Proper Waiver Of Plaintiff's Right   To Counsel**

The Ninth Circuit has held that an ALJ must explain to a pro se claimant in a disability case the "avenues which [the pro se] could pursue in obtaining counsel . . ." Cruz v. Schweiker, 645 F.2d 812, 813 (9th Cir. 1981). In the alternative, the ALJ should probe for additional facts and "explain to the claimant the type of showing which the applicant had to make in order to prove his case successfully." (Id.). The ALJ's failure to do so, particularly when at least one treating physician found the claimant to be "totally disabled," is grounds for remand.

Plaintiff had no formal education past high school (AR 25) and was not represented by counsel at the hearing. (AR 139). The ALJ only mentioned the waivers of representation once and in a cursory

8

fashion. (Id.). The ALJ stated: "Let the record show that [Plaintiff] is present at the hearing today and not accompanied by a representative. Do we have both waivers signed there? We do, okay, all right." (Id.). The ALJ made no further reference to the waivers of representation, nor did he discuss ways in which Plaintiff could pursue counsel.

The ALJ failed to explain to Plaintiff the avenues he could pursue to obtain counsel or offer any guidance whatsoever to Plaintiff. In addition, the ALJ failed to "probe for additional facts and explain to the claimant the type of showing which the applicant had to make in order to prove [his] case successfully." Cruz, 645 F.2d at 813. The ALJ failed to satisfy this alternative burden imposed by Cruz because he neglected to explain to Plaintiff the showing he needed to make to prove his case. Therefore, the ALJ failed to obtain a proper waiver of Plaintiff's right to counsel and remand is required.

### B. ALJ Failed In His Duty To Develop The Record

The ALJ failed in other respects to satisfy his burden when dealing with a pro se claimant in a disability case. As the Ninth Circuit has repeatedly observed:

> [W]here the claimant is not represented, it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. He must be especially diligent in ensuring that favorable

as well as unfavorable facts and circumstances are elicited.

Higbee v. Sullivan, 975 F.2d 558, 560 (9th Cir. 1992)(citing Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)(citations and internal quotation marks omitted); and Heckler v. Campbell, 461 U.S. 458, 470-73, 103 S. Ct. 1952, 1959-60, 76 L. Ed. 2d 66 (1983)). In carrying out this duty, the ALJ must "make every reasonable effort" to help the claimant gather his medical records. 20 C.F.R. § 416.912(d). The duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect his or her own interests. Tonapeytan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Dr. Kao, the treating doctor in this case, found Plaintiff to be "totally disabled." (AR 24). The ALJ rejected Dr. Kao's opinion, in part, because Dr. Kao did not submit any treatment notes to support his opinion. (Id.). In the absence of supporting notes from Dr. Kao, the ALJ had a duty to attempt to obtain those records. Tonapeytan, 242 F.3d at 1150. Furthermore, the ALJ's duty was heightened because Plaintiff was not represented by counsel. The ALJ made no effort to subpoena the records or make any further inquiry with Dr. Kao. Therefore, the ALJ did not satisfy his duty to develop the record.

### C. Remand Is Required To Remedy Defects In The ALJ's Decision

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See

Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497-98 (9th Cir. 1984). Because the ALJ failed to obtain a proper waiver of Plaintiff's right to counsel and failed in his duty to develop the record, the case must be remanded. Upon remand, the ALJ must obtain a proper waiver of Plaintiff's right to counsel and fulfill his duty to fully develop the record.

///
///
///
///
///

## CONCLUSION

IT IS ORDERED that judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings in accordance with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on counsel for both parties.

DATED: 7/2/08 /S/

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE